## Case No. 3,750.

### DELANCEY v. McKEEN.

[1 Wash. C. C. 525.] [1]

Circuit Court, D. Pennsylvania.    Oct. Term, 1806. [2]

DEEDS OF LANDS IN SEVERAL COUNTIES — PLACE OF RECORDING—COPY AS EVIDENCE.

1. According to the true construction of the law of Pennsylvania of 1715 [1 Laws Pa. 94], relative to the recording of deeds, the deed should be recorded in the county where the land lies. But if a deed conveys lands lying in different counties, the law does not require that it shall be recorded in each county. It is sufficient if it be recorded in one of the counties, and then the exemplification of it will be evidence as to any of the lands conveyed. And this construction of the law is supported by the practice and tacit approbation of the bench and bar, as clearly proved to the court.

[Cited in Beals v. Hale, 4 How. (45 U. S.) 54.]

2. Until the act of [March 18] 1775 [1 Laws Pa. 424] there was no absolute necessity to record deeds at all, except mortgages; and this law was passed for the protection of creditors and subsequent purchasers.

3. The provisions of the act of 1715, were merely intended for the preservation and safe keeping of deeds.

4. Quere, whether if, against subsequent purchasers, without notice, the exemplification of a deed for lands in more than one county, and which had not been recorded in the county where the lands were situated, would be evidence.

This case came on, upon a point reserved at the last court, whether the exemplification of the deed, from Allen to Delancey, executed in 1771, proved before a justice of the

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[2] [Affirmed in M'Keen v. Delancy, 5 Cranch (9 U. S.) 22.]

supreme court in 1772, and recorded in the county of Philadelphia in 1773, could be offered in evidence. [See Case No. 3,749.]

Myers Fisher, Esq., was examined; who proved, that he had been, for many years before the revolutionary war, a practitioner at the bar; had since acted as a scrivener and counsel; and that it was always common, where deeds contained lands in Philadelphia county, and in other parts of the state, to record them in Philadelphia county; and that the exemplification of them, was always considered and read as evidence, on trials for lands in other counties. That it was always considered as good evidence, and admitted without objection. That he never knew or heard a doubt suggested upon the subject. Mr. Lewis, an old practitioner, produced many deeds of this sort, recorded in the same way; and mentioned from his briefs a great variety of cases, where exemplifications, similar to the present, were read in evidence, without objection. Judge Peters fully confirmed this practice; and they all concurred in stating, that, to their knowledge, the propriety of admitting such evidence had never been questioned. They all concurred likewise in stating, that these deeds were sometimes proved before a justice of the supreme court, and sometimes before a justice of the common pleas; and either was considered equally valid. In a suit brought by the husband of the plaintiff, for this very land, shortly after the peace, in the state court, before Chief Justice M'Kean, this very exemplification was read in evidence, without objection. Governor M'Kean gave a certificate, that he had always considered that it was necessary to record the deed in the county where the land lay, and that this was the general opinion; but he never knew the point made, nor does he state how the case would be, if part of the lands lay in the county where the deed was recorded.

M'Kean and Dallas, for defendant, argued, that the clear exposition of the act of 1715, was, that the deed should be recorded where the land lies; and that if any doubts on this point could exist, the 8th section is conclusive. That if not proved before a justice of peace, in the county where the land lies, (whereas this was proved before a judge of the supreme court, who is not a justice in the county,) it could not be recorded any where; and if not recorded in the county where the land lies, the officer is not authorized to record it, and of course his exemplification is not evidence; but the original deed should have been proved in the common form; or a copy, proved to have been examined, might have answered. Gilb. Ev. 24–26; Peake, Ev. 24; 1 Burrows, 445; 6 Bac. Abr. 382.

Tilghman and Lewis, for the plaintiff, relied upon the general practice, as to proving and recording deeds; and the unvarying opinion respecting the exemplification of them.

They read [Davey v. Turner] 1 Dall. [1 U. S.] 11, and [Lloyd v. Taylor] Id. 17, to show, where a common error, as to the conveyance, by a feme covert, of her real estate, had been sanctioned. They contended, that the deed being proved in one of the counties where some of the lands lay, the exemplification is evidence, by the fourth section of the law; whatever might be the construction of the law, if none of the lands conveyed by the deed, had been situated in the county of Philadelphia.

Before WASHINGTON, Circuit Justice, and PETERS, District Judge.

WASHINGTON, Circuit Justice. I have no doubt, but that, according to the true construction of the act of 1715, the deed should be recorded in the county where the land lies; but, if the deed conveyed lands lying in different counties, the law does not require the deed to be recorded in each county, either by the words or the intention of it, so far as this intention can be discovered. Until the act of 1775, there was no absolute necessity to record any deeds, mortgages excepted; and the provision made by the law of 1715, for recording them, was merely made with a view to their preservation. This is manifest from the act of 1775; which was passed, with a view to protect the rights of subsequent purchasers against secret deeds, which the grantees might have kept in their pockets for years; without the possibility of subsequent purchasers, and creditors, knowing of their existence. If this were the case, then there was no absolute necessity, at that time, to require that a deed, if recorded, should be recorded in every county in which there were lands conveyed by the deed; because, the recording the deed in any one county, was bettering the situation of subsequent purchasers; and the law had no view to them at all, that I can perceive.

It is, however, perfectly clear, that the deed might legally be recorded in the office of the county where part of the lands lay; and that quoad that law, the exemplification was evidence. The public officer was instructed and commanded to record and to exemplify it. If, from being the exemplification of a sworn public officer, it was evidence as to the lands lying in his county, upon what principle should it not be evidence as to lands conveyed by the same deed, lying in other counties, proved in the same way, and recorded by the same officer? I can see no reason why his exemplification should give credit and authenticity to his copy in one case, and not in the other. But, as soon as the attention of the legislature was drawn to the frauds, practised by secret conveyances upon subsequent purchasers and creditors, and the necessity was perceived of giving notoriety to all conveyances; it naturally followed, that such deeds should be recorded, as a matter of compulsion, or that the grantee should be postponed to fair, bona fide, and

subsequent purchasers. But, what influences my opinion more than any thing else, is, that courts, lawyers, conveyancers, and all others, seemed to have concurred in the opinion, that the exemplifications of deeds, like the present, recorded as this was, were evidence. If one solitary decision, affirming this practice, had taken place, all would have agreed, that it would bind us; and yet the uniformity of practice and of conduct, respecting such deeds, operates more powerfully with me; because they amount to a contemporaneous exposition of the act of 1715, fortified by a subsequent, unvarying usage. The practice is incorporated with the land titles of this state; and, if it be an error, it is common and uniform; and a decision now against the practice, would be mischievous in the extreme. I am therefore of opinion, that the exemplification of this deed was properly admitted, and that judgment should be for plaintiff.

Mr. Dallas asked if the court meant to say, that if a deed for lands lying in different counties, made and recorded since 1775, in one county, would be good as to lands lying in other counties; and, that an exemplification would be evidence, as to such lands; because the act of 1775 does not in terms require such deed to be recorded in each county.

BY THE COURT. We give no opinion on this point; it is not before us. There might, in the case supposed, be a distinction between the validity of such a deed against subsequent purchasers of lands lying in a county, where the deed was not recorded, and the exemplification of the deed. But we give no opinion on the point.

Judgment for plaintiff.

NOTE. This case was carried by writ of error to the supreme court, and the following points were decided by that court:

1st. Under the act of Pennsylvania, of 1775, which requires a deed to be acknowledged before a justice of the peace of the county where the lands lie, it having been the long established practice, before the year 1775, to acknowledge deeds before a justice of the supreme court of the province of Pennsylvania, and, although the act of 1715 does not authorize such a practice, yet, as it has prevailed, it is to be considered as a correct construction of the statute.

2d. In construing the statutes of a state, on which land titles depend, infinite mischief would ensue, should this court observe a different rule from that which has been long established in the state; and, in this case, the court could not doubt, that the courts of Pennsylvania consider a justice of the supreme court, within the description of the act.

3d. Under the same act, when a single tract of land is conveyed, the law requires the deed to be recorded in the office of the county in which the land lies; but if several tracts be conveyed, neither the letter nor the spirit of the act, requires that the deed shall be recorded in each county. If the deed was recorded in the county where a part of the lands lies, an exemplification is good evidence, as to the lands in the other counties. Under the act of 1715, the validity of the deed is not affected by omitting to record it. Though not recorded, it is still binding, to every intent and purpose whatsoever. The only legal

effect, produced by recording it, is its preservation, by making a copy equal to the original. [M'Keen v. Delancy], 5 Cranch [9 U. S.] 22–31; Whart. Dig. 246.